UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DEANDRE RASHAWN BASS,

    Plaintiff,

       v.                                CAUSE NO. 3:24-CV-233-TLS-APR

BATTLE, et al.,

    Defendants.

## OPINION AND ORDER

Deandre Rashawn Bass, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Bass alleges that, at the Westville Correctional Facility, he returned a tablet device and noted that the earphone jack did not work. Bass wrote to Pullins, a GTL employee, seeking a replacement tablet device, who told him that he was on the waiting list and that there were no replacement tablet devices available. He routinely asked Unit Team Manager Cornett to email Pullins and Battle, another GTL employee, about a replacement tablet device. On October 27, 2022, Pullins charged his

prison account $250 for a replacement tablet device. On December 4, 2023, Battle told him that he was never on a waiting list for a replacement tablet device and that she had not seen documentation that he had returned his prior tablet device.

The lack of a tablet device limited Bass' ability to place commissary orders. With a tablet device, he can see out-of-stock items. Without a tablet device, he must rely on a commissary order form that lists fewer options than the tablet device and that must be submitted four days in advance with no ability to account for out-of-stock items. Similarly, Bass is able to contact his family every day with a tablet device, but, without a tablet device, he is only able to call home using telephones that are usually unavailable. He is also unable to submit grievances "the new way" without a tablet device. Based on these allegations, he seeks money damages and injunctive relief.

To start, the crux of Bass' concerns appears to be that he is entitled to a replacement tablet device because he paid for one and pursuant to departmental policy that makes tablet devices available to all inmates. However, Bass' narrative as a whole and departmental policy[1] indicate that he paid for the facility to replace the broken tablet device rather than purchasing a new tablet device for himself outright. Further, violation of departmental policy alone is not sufficient to state a constitutional claim. *See Felton v. Brown*, 129 F.4th 999, 1008 (7th Cir. 2025) ("Violations of state law, however, do not automatically establish a federal constitutional claim.").

---

[1] The policy for tablet devices maintained by the Indiana Department of Correction is available at https://www.in.gov/idoc/files/policy-and-procedure/policies/02-01-119-Tablets-6-1-2023.pdf.

The court has carefully considered whether the allegations plausibly assert any constitutional violation. The court is unaware of any constitutional right to a tablet device. The allegations do not suggest that the defendants denied him a replacement tablet device for any retaliatory or discriminatory purpose. Further, Bass alleges only partial denial of access to commissary, and there is no constitutional right to purchase goods from a commissary. *See Brown v. Gulash*, 2009 WL 2144592, at *5 (S.D. Ill. July 16, 2009) (collecting cases). Similarly, there is no constitutional right to prison grievance procedures, *see Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011), and, even if there was, Bass' efforts to submit grievances regarding the denial of a replacement tablet device indicate that he retained access to the grievance process without one.

Bass may be able to state a plausible claim regarding his limited ability to communicate with his family members at the Westville Correctional Facility. *See e.g.*, *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018); *Israel v. Cohn*, 6 F. App'x 348, 350 (7th Cir. 2001). However, the complaint is lacking in detail regarding how this limited ability to communicate with his family members specifically affected Bass and how the defendants were personally involved with preventing him from communicating with family members. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) ("A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions."). Therefore, the court finds that the complaint does not plausibly state a claim upon which relief could be granted.

Though Bass cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Bass should

only file an amended complaint if he believes he can address the deficiencies in this order. If he chooses to file an amended complaint, he must put the case number assigned to this case on it, which is on the first page of this order. He must also file an amended complaint that is complete in and of itself without reference to prior complaints.

For these reasons, the court:

(1) GRANTS Deandre Rashawn Bass until <u>May 23, 2025</u>, to file an amended complaint; and

(2) CAUTIONS Deandre Rashawn Bass that, if he does not respond by this deadline, the court will dismiss this case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on April 22, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT